**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HUGH J. SLOAN,<br><br>        Plaintiff,<br><br>    v.<br><br>TOBIAS DUCHSCHERER, and DOES 1 through 50, inclusive,<br><br>        Defendant. | Case No. 17-cv-06454-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING REQUEST FOR ATTORNEYS' FEES; AND TERMINATING DEFENDANT'S MOTION TO DISMISS AS MOOT WITHOUT PREJUDICE**<br><br>[Re: ECF 6, 17] |

Plaintiff Hugh J. Sloan brings this action against Defendant Tobias Duchscherer. Ex. A to Notice of Removal ("Compl."), ECF 1. On November 6, 2017, Duchscherer removed this action to this Court based on diversity jurisdiction. Notice of Removal 2–3, ECF 1. Before the Court are two motions filed by the parties. One motion is Sloan's motion to remand this action to state court. Mot. to Remand, ECF 17. Sloan also seeks an award for attorneys' fees and costs for bringing the motion to remand. The other motion is Duchscherer's motion to dismiss the complaint for lack of personal jurisdiction. Mot. to Dismiss, ECF 6. Having considered the briefing and oral argument, as well as the governing law, the Court GRANTS Sloan's motion to remand, DENIES Sloan's request for attorneys' fees, and TERMINATES Duchscherer's motion to dismiss as moot without prejudice for the reasons stated below.

I.  **BACKGROUND**

Plaintiff Hugh J. Sloan is an individual who resides in San Ramon, California. Compl. ¶ 1. Since approximately 2011, Sloan has been researching and developing ways to improve systemic risk in financial markets. *Id.* ¶ 6. Through his research, Sloan sought to develop key processes

involving the collateral provided for certain types of "repo" transactions. *Id.* ¶ 7. Sloan describes "repo" transactions as financial deals where one financial firm sells a security to another firm and promises to buy the security back at a later date and specific price. *Id.*

Around November 2015, Sloan traveled to a financial industry conference in Zurich, Switzerland, and met Defendant Tobias Duchscherer for the first time. Compl. ¶ 8. Duchscherer resides in Karben, Germany, and is a well-known EU securities finance industry veteran and is the founder of COFINET. *Id.* ¶¶ 2, 8. Between November 2015 and June 2016, Sloan and Duchscherer communicated via email and Skype to explore potential opportunities to work together to commercialize Sloan's innovations. *Id.* ¶ 9. In July 2016, Duchscherer travelled from Germany to California to meet with Sloan. *Id.* ¶ 10. At that time, Sloan and Duchscherer informally agreed to create a business that would commercially exploit Sloan's concepts, adding Duchscherer's contribution regarding an electronic collateral schedule and rules engine. *Id.*

Between July 19 and July 24, 2016, Sloan and Duchscherer negotiated and drafted several versions of a "Founders Agreement." Compl. ¶ 11. The parties executed the Founders Agreement on July 25, 2016. *Id.* The executed Founders Agreement contains the following provisions:

> **Section 7.3.** In the event that the Founders are not able to agree to a mutually agreeable separation, the Founders agree that they will submit to a **binding confidential mediation** to be held in in a neutral, mutually agreed-upon venue conducted by a mutually agreed upon mediator. The Founders agree and acknowledge that all provisions of this agreement, including confidentiality provisions, shall be binding up through the end of this mediation process. Costs of the mediation shall be borne equally by all Founders. **The Founders hereby waive any and all right to have this agreement adjudicated by a court or jury.**
>
> **Section 9.** This agreement shall be interpreted in accordance with . . . and governed by the laws of the State of California, as if the contract was performed entirely in the State of California. **Jurisdiction and venue shall be in the Courts of Santa Clara County, California** or if such Courts are not willing to govern over such matter, then the Courts of the Northern District of California **shall apply as alternate jurisdiction**.

Ex. B to Sloan Decl. in Supp. of Mot. to Remand ("Founders Agreement"), ECF 17-2 (emphasis added).

In August 2016, Sloan and Duchscherer filed a provisional patent application at the U.S.

Patent and Trademark Office and identified both as co-inventors. Compl. ¶ 15. Sloan and Duchscherer also filed a trademark application for "Collateral Rulebook," which they defined as a "real-time synchronization of trading desk with risk, credit, solvency and liquidity assessment . . . ." *Id.* ¶ 18. On October 27, 2016, Sloan incorporated ICM Squared, Inc. ("ICM") in accordance with the Founders Agreement. *Id.* ¶ 19. Duchscherer, however, objected to the formation of ICM, but promised to form a similar entity in the United Kingdom if Sloan dissolved ICM. *Id.* Relying on Duchscherer's promise, Sloan dissolved ICM on December 19, 2016, and waited for Duchscherer to form a similar entity in the United Kingdom. *Id.*

In January 2017, Sloan and Duchscherer's business relationship became strained. Compl. ¶ 24. On or about January 31, 2017, Duchscherer emailed Sloan stating that "[a]ccording to Section 7.2 of the Founders Agreement between Tobias Duchscherer and Hugh J. Sloan III dated by 25th, July 2016, I request formal separation of collaboration and termination of the respective [sic] Founders Agreement." *Id.* ¶ 25 (second alteration in original). Later, Duchscherer sent Sloan a proposed agreement entitled "Separation Agreement and General Release," which Sloan rejected. *Id.* ¶ 27.

Sloan believes that Duchscherer has disclosed the Collateral Rulebook to others in violation of the Founders Agreement. Compl. ¶ 28. Sloan alleges that since January 2017 Duchscherer appears to have entered into agreements with third parties to utilize the Collateral Rulebook on terms that will benefit Duchscherer but not Sloan. *Id.* Based on the allegations in his Complaint, Sloan asserts claims for (1) breach of contract, (2) misappropriation of trade secrets, (3) conversion, (4) imposition of a constructive trust, (5) fraud-promise without intent to perform, and (6) breach of fiduciary duty. *Id.* ¶¶ 31–70.

## II. PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES

### A. Motion to Remand

#### i. Legal Standard

A party may "waive its right of removal by agreeing to a contractual clause that gives a clear and unequivocal waiver of that right." *Paradigm Sols. Grp., Inc. v. Shanghai Precision*

3

*Tech. Corp.*, No. 15-CV-539, 2015 WL 3466017, at *2 (S.D. Cal. June 1, 2015). "One way to do so is by agreeing to a forum selection clause that designates an exclusive venue." *Id.* For the forum selection clause to be mandatory rather than permissive, it "must contain language that clearly designates a forum as the exclusive one." *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).

### ii. Discussion

Sloan argues that the Founders Agreement contains a "mandatory" forum selection clause (section 9 of the Founders Agreement) that requires the parties to litigate their claims in state court. Mot. to Remand 11–12. In Sloan's view, this mandate is found in the plain language of the forum selection clause. *Id.* at 12–13. In addition, Sloan asserts that even if the Court is required to review extrinsic evidence, the result would be the same because the extrinsic evidence shows that the parties agreed to the state court's exclusive venue and jurisdiction. *Id.* at 13–15. On this basis, Sloan contends that Duchscherer waived his right to remove this action to federal court. *Id.* at 11–12.

Duchscherer raises three points in opposition. Opp'n to Mot. to Remand, ECF 19. Specifically, Duchscherer argues that (1) section 9 of the Founders Agreement does not contain the word "exclusive," "exclusively," or other similar terms and the alleged "waiver" is not "clear and unequivocal" (*id.* at 4–6); (2) section 9 provides only that courts will have jurisdiction to enforce an arbitrator's award given that section 7.3 is an arbitration clause (*id.* at 5–7); and (3) Sloan breached section 7.3 by filing a lawsuit and thus Duchscherer is excused from adhering to the provisions of the Founders Agreement (*id.* at 7–8). Duchscherer further asserts that the cases relied on by Sloan are unpersuasive. *Id.* at 8–10. The Court addresses each point below.

First, Duchscherer argues that he did not waive his right to remove the case to federal court because the Founders Agreement neither includes "mandatory" language nor provides a "clear and unequivocal" waiver. Opp'n to Mot. to Remand 4–6. In particular, Duchscherer points out that section 9 does not use the words "exclusive," "waiver," "personal jurisdiction," or "remand." *Id.* at 4. However, courts have not required a forum selection clause to use special terms such as "exclusive," "waiver," "personal jurisdiction," or "remand" to be mandatory. *See, e.g., Docksider,*

4

*Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (rejecting the argument that a forum selection clause must contain terms such as "exclusively" to be "mandatory"). Thus, the Court rejects Duchscherer's argument that the absence of some magical term shows that section 9 is not a mandatory forum selection clause.

Duchscherer also points out that section 7.3 provides that the parties will submit to a "binding confidential mediation" and that "[t]he Founders hereby waive any and all right to have this agreement adjudicated by a court or jury." Opp'n to Mot. to Remand 5. Based on this language, Duchscherer claims that section 7.3 is an arbitration provision and "evidences the parties' mutual intention not to litigate any claims arising out of the Founders Agreement in any court." *Id.* In comparison, Duchscherer argues, nowhere does section 9 of the Founders Agreement show that he explicitly waived his right to contest personal jurisdiction or to remove any litigation to federal court. *Id.* On this basis, Duchscherer claims that there is no "clear and unequivocal" waiver of his right to remove this action. *Id.* at 6.

The Court is unpersuaded by Duchscherer's argument that the mandatory requirement of section 9 is not "clear and unequivocal." Section 9 provides that "[j]urisdiction and venue shall be in the Courts of Santa Clara County, California or if such Courts are not willing to govern over such matter, then the Courts of the Northern District of California shall apply as alternate jurisdiction." Section 9, Founders Agreement. Here, the plain language of section 9 clearly states that "jurisdiction and venue *shall be in the Courts of Santa Clara County*, California." *Id.* Courts have held that similar language renders a forum selection clause to be "mandatory." For example, the Ninth Circuit held that the language "[v]enue of any action brought hereunder *shall be deemed to be in Gloucester County*, Virginia" made clear that venue exclusively lies in the designated county. *Docksider*, 875 F.2d at 764. There is no meaningful difference between the language in section 9 and the mandatory forum selection clause in *Docksider*. The Court therefore finds that section 9 clearly designates the state court in Santa Clara County as the exclusive forum and that there is a "clear and unequivocal waiver" of the right to removal. *Paradigm Solutions*, 2015 WL 3466017, at *2; *see also Sterling Forest Assocs., Ltd. v. Barnett-Range Corp.*, 840 F.2d 249, 250 (4th Cir. 1988), *abrogated in part by Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989) (holding

5

that the forum selection clause was mandatory where it provided that "[t]his Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute *jurisdiction and venue shall be in California*" (emphasis added)). Duchscherer attempts to distinguish *Docksider* from this case on the grounds that *Docksider* did not involve an arbitration provision. However, even assuming section 7.3 is an arbitration agreement, the Court concludes that the presence of section 7.3 is irrelevant as discussed below regarding Duchscherer's second argument.

The additional language in section 9 which states that "if such Courts are not willing to govern over such matter, *then* the Courts of the Northern District of California shall apply as alternate jurisdiction" further clearly shows that the parties intended the state court to be the exclusive forum rather than a permissive forum. Section 9, Founders Agreement (emphasis added). According to this language, the parties agreed to pursue a case in federal court *only if* the state court declined to do so. If Duchscherer's argument that he did not waive the right to removal is correct, the result would render this additional language meaningless.

Second, Duchscherer argues that section 9 provides that the parties designated courts to have jurisdiction only *to enforce* an arbitrator's award. Opp'n to Mot. to Remand 6–7. In other words, Duchscherer asserts that section 9 applies only when a party seeks to enforce an arbitration award. *Id.* at 7. Duchscherer claims that this is the necessary meaning of section 9 when viewing section 7.3 (the purported arbitration provision) and section 9 as a whole. *Id.* at 6–7.

The Court disagrees with Duchscherer's interpretation of section 9. The language in section 9 does not state that it is triggered only after the purported arbitration is completed. In fact, section 9 is silent on its application to any temporal aspects of the parties' dispute. Moreover, Duchscherer has provided no support for his contention that the Founders Agreement forbids the parties from bringing their dispute to a court, for example, to compel the opposing party to participate in a "binding confidential mediation." In fact, courts routinely entertain cases that involve arbitration clauses and forum selection clauses. *See, e.g.*, *Paradigm Solutions*, 2015 WL 3466017, at *1; *Zenger-Miller, Inc. v. Training Team, GmbH*, 757 F. Supp. 1062, 1068 (N.D. Cal. 1991).

1    Consideration of extrinsic evidence does not change the above conclusion.  Duchscherer
2    argues that Sloan revised the "binding confidential mediation" provision so that such mediation
3    would be "held in a neutral, mutually agreed-upon venue" and that Sloan did not object to that
4    provision.  Opp'n to Mot. to Remand 11.  In Duchscherer's view, Sloan accepted section 7.3 and
5    thus there was a "meeting of the minds" regarding the purported arbitration provision.  *Id.*  The
6    Court, however, does not find that this argument supports Duchscherer's position.  The fact that
7    two individuals agreed to an arbitration provision does not render a mandatory forum selection
8    clause permissive.  Moreover, the negotiation process actually supports Sloan's position.
9    Although the parties are not attorneys, they are sophisticated individuals who drafted several
10   versions of the Founders Agreement.  *See* Exs. A–D to Duchscherer Decl., ECF 19-2 (various
11   drafts of the Founders Agreement).  As evidenced by his revisions to the drafts, Duchscherer was
12   fully aware of the forum selection clause yet he did not object or revise that provision during the
13   negotiation process.  Based on the plain language and Duchscherer's active participation in the
14   drafting process, the Court finds that the parties intended the forum selection clause to be
15   mandatory.  Duchscherer should be held responsible for the contract's provisions and he cannot
16   now complain about the language of section 9.  *See Zenger-Miller*, 757 F. Supp. at 1068 (holding
17   that a sophisticated party should be held responsible for failing to draft a provision that it
18   preferred).  This conclusion does no injustice.  If section 7.3 is an arbitration provision as
19   Duchscherer contends, he may compel Sloan to arbitration through a motion filed in state court.

20   Third, Duchscherer asserts that he is no longer bound by the Founders Agreement because
21   Sloan breached section 7.3 by filing a lawsuit.  Opp'n to Mot. to Remand 7–8.  "When a party's
22   failure to perform a contractual obligation constitutes a material breach of the contract, the other
23   party may be discharged from its duty to perform under the contract."  *Aliya Medcare Fin., LLC v.*
24   *Nickell*, No. CV 14-07806, 2015 WL 4163088, at *17 (C.D. Cal. July 9, 2015) (citation omitted).
25   Duchscherer argues that section 7.3 is essential to the Founders Agreement.  Opp'n to Mot. to
26   Remand 8.  However, Duchscherer has not shown that non-compliance with section 7.3 is "so
27   material as to constitute cause for the injured party to terminate a contract."  *Aliya Medcare*
28   *Finance*, 2015 WL 4163088, at *17 (citation omitted).  Accordingly, the Court rejects

7

Duchscherer's argument that he is no longer bound by section 9 of the Founders Agreement.

### iii. Conclusion

For the foregoing reasons, the Court finds that section 9 of the Founders Agreement is a mandatory forum selection clause. Because the Founders Agreement designates "the Courts of Santa Clara County, California" as the exclusive forum, the Court REMANDS this action to the Santa Clara Superior Court. This ruling does not determine whether section 7.3 of the Founders Agreement is an arbitration clause. The Court need not determine this issue because the case is remanded to state court.

### B. Request for Attorneys' Fees

Sloan requests the Court to award attorneys' fees and costs for bringing his motion to remand. Mot. to Remand 15–16. Sloan argues that Ninth Circuit law is clear that the forum selection clause at issue is mandatory. *Id.* at 16. In Sloan's view, Duchscherer frivolously argued that Sloan's position is incorrect on the grounds that the Founders Agreement involves an arbitration clause. According to Sloan, *Zenger-Miller* dealt with "the same scenario and rejected a nearly identical argument." *Id.* Duchscherer counters that he reasonably removed this case based on diversity jurisdiction. Opp'n to Mot. to Remand 12. Duchscherer further contends that removal is proper because (i) section 9 does not mention any waiver of a party's right to removal and (ii) section 9 was "included to imbue a court with jurisdiction to enforce an arbitrator's award." *Id.* at 13.

Upon issuing an order remanding the case, a court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c). The "award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The standard for awarding fees turns "on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Courts have determined whether removal was objectively reasonable in part "by looking to the clarity of the law at the time of removal." *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

That said, the Ninth Circuit has held that a forum selection clause is not a "defect" within the meaning of § 1447(c). *Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009). For this reason, courts have declined to award attorneys' fees and costs when a remand is granted based on a valid forum selection clause. *Copiers Nw. v. Johnson*, No. C16-1441, 2017 WL 406168, at *5 (W.D. Wash. Jan. 31, 2017).

Here, Sloan has not pointed to any authority showing that this Court may award attorneys' fees and costs pursuant to § 1447(c) where the remand order is based on the Founders Agreement's forum selection clause. *See Copiers*, 2017 WL 406168, at *5. Moreover, Sloan has failed to establish that Duchscherer's arguments regarding sections 7.3 and 9 are objectively unreasonable. Although Sloan argues that *Zenger-Miller* is on point, that case did not involve a motion to remand and the agreement at issue recited language that is not exactly the same as section 9 of the Founders Agreement. The Court also notes that the email Sloan's counsel sent to Duchscherer's counsel regarding the remand of this case did not even point to *Zenger-Miller* as a basis for remand. *See* Ex. D to Weerasuriya Decl., ECF 17-1.

Accordingly, the Court DENIES Sloan's request for attorneys' fees and costs.

## III. DEFENDANT'S MOTION TO DISMISS

Duchscherer moves to dismiss the complaint for lack of personal jurisdiction. Mot. to Dismiss. This motion is TERMINATED as moot without prejudice in light of the Court's order remanding this case to the Santa Clara Superior Court.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Sloan's motion to remand is GRANTED. The Court REMANDS this action to the Santa Clara Superior Court.

(2) Sloan's request for attorneys' fees and costs is DENIED.

(3) Duchscherer's motion to dismiss the complaint is TERMINATED as moot without prejudice.

(4) The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: June 20, 2018

_____
BETH LABSON FREEMAN
United States District Judge